| | |
|---|---|
| 1  Juanita Brooks (SBN 75934) | ORIGINAL |
|    Dina Grinshpun (SBN 212625) | FILED |
| 2  FISH & RICHARDSON P.C. | |
|    12390 El Camino Real | NOV 17 2003 |
| 3  San Diego, California 92130-2081 | |
|    Telephone: (858) 678-5070 | RICHARD W. WIEKING |
| 4  Facsimile: (858) 678-5099 | CLERK, U.S. DISTRICT COURT |
|    | NORTHERN DISTRICT OF CALIFORNIA |
|    | SAN JOSE |

Karen I. Boyd (SBN 189808)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiffs
UNITHER PHARMA, INC. and
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITHER PHARMA, INC. and THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY | Case No. C03 05090 |
| Plaintiffs | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| HERBALIFE INTERNATIONAL, INC. | |
| Defendant | |

Plaintiffs Unither Pharma, Inc. and the Board of Trustees of the Leland Stanford Junior University hereby allege as follows:

## THE PARTIES

1.   Unither Pharma, Inc. ("Unither") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 1110 Spring Street, Silver Spring, Maryland 20910. Unither is the successor in interest of Cooke Pharma, Inc. ("Cooke Pharma"), which was incorporated under the laws of the state of California and located at the same address as Unither.

2. The Board of Trustees of the Leland Stanford Jr. University ("Stanford") is a body having corporate powers under the laws of the state of California with a location in Stanford, California.

3. Upon information and belief, Herbalife International, Inc. ("Herbalife") is incorporated under the laws of the state of Nevada, with its principal place of business at 1800 Century Park East, Los Angeles, California 90067.

## JURISIDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant Herbalife because Herbalife is doing business in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 because Herbalife resides in this judicial district.

## GENERAL ALLEGATIONS

7. Stanford is the assignee of U.S. Patent No. 6,646,006 ("the '006 patent," attached as "Exhibit A"), related to the use of L-arginine in enhancing vascular function.

8. Stanford and Cooke Pharma entered into an agreement under which Stanford granted Cooke Pharma an exclusive license under the '006 patent for the use and sale of amino acid–based dietary supplements or pharmaceuticals to enhance the level of endogenous nitric oxide in the vascular system. Under the same agreement, Stanford provided Cooke Pharma with a right to institute actions and recover damages for infringement of the '006 patent and the right to join Stanford as a plaintiff in any such action. Unither is the successor in interest to all rights granted by Stanford to Cooke Pharma under the agreement.

9. Unither manufactures and sells products containing L-arginine designed to improve vascular health, improve human sexual performance, and treat erectile dysfunction, which are covered by the '006 patent.

10. Upon information and belief, Herbalife is now and has been infringing the '006 patent in this District and elsewhere by making, selling, and/or using products and methods covered

by one or more claims of the patents-in-suit, including products containing L-arginine (including, at least, Niteworks™, Prelox™ Blue, Optimum Performance, and Woman's Advantage™ with DHEA), or by supplying infringing products to others to use, thereby inducing infringement and/or contributing to the infringement of the '006 patent.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '006 PATENT)

11. Each allegation contained in paragraphs 1-10 above is incorporated herein by reference.

12. Herbalife is currently and has been infringing, inducing and/or contributing to the infringement of the claims of the '006 patent by making, using, selling, offering to sell and/or importing products containing L-arginine without the consent of Unither.

13. Herbalife will continue to infringe, induce and/or contribute to the infringement of the claims of the '006 patent unless enjoined by this Court.

14. Herbalife has willfully and deliberately infringed, induced and/or contributed to the infringement of the claims of the '006 patent with full knowledge and disregard of Plaintiffs' rights thereunder, rendering this an "exceptional" case within the meaning of 35 U.S.C. § 285.

15. As a result of Herbalife's acts, Plaintiffs have suffered damages.

## SECOND CAUSE OF ACTION
## (PROVISIONAL RIGHTS UNDER THE '006 PATENT)

16. Each allegation contained in paragraphs 1-15 above is incorporated herein by reference.

17. The United States Patent and Trademark Office published U.S. Patent Application No. 10/060,252 ("the '252 application"), now the '006 patent, pursuant to 35 U.S.C. § 122(b), 37 C.F.R. § 1.211, et seq., on October 17, 2002, Publication No. US 2002/0151592 A2 (attached as "Exhibit B").

18. The invention as claimed in the '006 patent is substantially identical to the invention as claimed in the published '252 application.

19. Herbalife has had actual notice of the '252 application since at least July 25, 2003 (Letter to Herbalife attached as "Exhibit C").

20. Herbalife violated Plaintiffs' provisional rights under the '006 patent by making, using, selling, offering to sell and/or importing its products containing L-arginine without the consent of Unither.

21. As a result of Herbalife's acts, Plaintiffs have suffered damages and are entitled to a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

a. That this Court adjudge and declare that Herbalife has infringed, induced and/or contributed to the infringement of the '006 patent;

b. That this Court adjudge and declare that Herbalife has violated Plaintiffs' provisional rights under the '006 patent;

c. That this Court preliminarily enjoin Herbalife, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert with them from infringing, actively inducing infringement or contributing to infringement of the '006 patent;

d. That this Court permanently enjoin Herbalife, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert with them from infringing, actively inducing infringement and/or contributing to infringement of the '006 patent;

e. That this Court award to Plaintiffs damages adequate to compensate them for Herbalife's acts of infringement, inducement of and/or contributions to infringement of the '006 patent, together with interest thereon;

f. That this Court award to Plaintiffs reasonable royalties for Herbalife's violation of Plaintiffs' provisional rights under the '006 patent;

g. That this Court award treble damages against Herbalife for its willful infringement, inducement of and/or contribution to infringement of the '006 patent;

h.  That this Court order Herbalife to pay Plaintiffs their reasonable attorneys' fees for this action;

i.  That this Court order Herbalife to pay Plaintiffs any and all costs of this action; and,

j.  That this Court grant to Plaintiffs such other and further relief as it may deem just and equitable.

A JURY TRIAL IS DEMANDED BY PLAINTIFFS.

Dated: November 17, 2003

FISH & RICHARDSON P.C.

By: _/s/ Karen I. Boyd_
Karen I. Boyd

Attorney for Plaintiffs
UNITHER PHARMA, INC. and
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY.

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

United Therapeutics Corporation, which is the parent of wholly owned subsidiary Unither Pharma, Inc., the plaintiff in this action.

Dated: November 17, 2003              FISH & RICHARDSON P.C.

                                      By: /s/ Karen I. Boyd
                                          Karen I. Boyd

                                      Attorney for Plaintiffs
                                      UNITHER PHARMA, INC. and
                                      THE BOARD OF TRUSTEES OF THE
                                      LELAND STANFORD JUNIOR
                                      UNIVERSITY.