**United States District Court**
For the Northern District of California

1
2
3
4
5
6       IN THE UNITED STATES DISTRICT COURT
7       FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   Unither Pharma, Inc., et al.,                Nos.   C 02-05284 JW
                                                        C 03-0415 JW
10          Plaintiffs,

11      v.                                       Related Case Nos.  C 03-5090 JW
                                                                    C 03-5878 JW
12  The Daily Wellness Company,

13          Defendant.
    _____             **ORDER GRANTING PLAINTIFFS'**
14                                                **MOTION TO STRIKE HERBALIFE'S**
    Unither Pharma, Inc., et al.,                 **STATEMENT OF RECENT DECISION**
15
            Plaintiffs,
16
        v.
17
    Herbalife International, Inc.
18
            Defendant.
19  _____

20  Herbalife International, Inc.
            Plaintiff,
21
        v.
22
    Unither Pharma, Inc., et al.,
23
            Defendants.
24  _____/

25          Currently before the Court is Unither's Motion to Strike Herbalife's Statement of Recent Decision.

26  The Court finds this matter to be suitable for disposition without oral arguments.  See Civ. L. R. 7-1(b).

27  Accordingly, the Court vacates the hearing presently scheduled for December 5, 2005.

28

On October 19, 2005, Herbalife filed its Statement of Recent Decision pursuant to Civil Local Rules 7-3(d). Unither moves to strike on the ground that Herbalife's statement is procedurally defective or in the alternative, seeks leave to respond to Herbalife's statement.

Civil Local Rule 7-3(d) permits parties to bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply has been filed without argument. Civ. L.R. 7-3(d). However, the rule provides that no additional memoranda may be filed without prior court's approval. Id.

Herbalife's filing of the additional papers without first seeking the Court's approval violates Rule 7-3(d). Accordingly, the Court grants Unither's motion to strike. Additionally, since Rule 7-3(d) does not permit a party to submit arguments along with statement of recent decision, the Court will not consider the arguments advance by either parties. Unither's request for leave to respond is effectively denied.

Incidentally, the Court is already familiar with the recent decisions submitted by the parties.

Dated: November 29, 2005

JAMES WARE
United States District Judge